**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**
APR 26 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|  |  |
|---|---|
| MICHAEL HUNTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 19-cv-00533-(UNA) |
| ) | |
| MATT WHITAKER, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of petitioner's *pro se* petition and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the petition fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and fails to establish subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires petitions and complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and

an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Petitioner, a resident of Sioux Falls, South Dakota, sues the President of the United States and other government officials and individuals affiliated with the President. Petitioner requests mandamus relief, asking that the Court order respondents to step down and/or recuse themselves from certain criminal investigations because he is frustrated with the status and/or outcome of those investigations. However, rather than presenting factual allegations to support a cognizable legal claim, the petition appears only to express his apparent disapproval of the current Presidential administration and its actions. As drafted, the petition fails to meet the minimum pleading standard set forth in Rule 8(a).

Additionally, the extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. A petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *Cheney*, 406 F.3d at 729 (citations omitted). Only if "(1) a plaintiff has a clear right to relief, (2) a defendant has a clear duty to act, and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted. Petitioner fails to establish any of these elements, and thus fails to meet his burden. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Executive Branch has absolute discretion to decide whether to conduct an investigation or prosecute a case. *United States v. Nixon,* 418 U.S. 683, 693 (1974); *Powell v.*

*Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam) (the discretion of the Attorney General may not be controlled through mandamus).

Further, the petition does not establish either that petitioner has a clear right to the relief requested or that respondents have a clear duty to act. It is unclear how, if at all, petitioner's request for a writ of mandamus would benefit him in any concrete or actual way. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Intangible benefits do not satisfy the "injury in fact" requirement. *See Common Cause v. FEC*, 108 F.3d 413, 417 (D.C. Cir. 1997); *Humane Soc'y of the United States v. Babbitt*, 46 F.3d 93, 98 (D.C. Cir. 1995).

The standing doctrine helps ensure that the Judicial Branch does not perform functions assigned to the Legislative or Executive Branch and that the judiciary is the proper branch of government to hear the dispute." *Public Citizen v. Nat'l Highway Traffic Safety Admin.*, 489 F.3d 1297, 1289 (D.C. Cir. 2007). Here, petitioner seeks to entangle the Court in the internal processes of the FBI and the Office of the Attorney General, a quintessentially executive function. Petitioner has not pleaded facts to establish his standing to sue, and "the defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); Fed. R. Civ. P. 12(h)(3).

Therefore, the Court will grant the petitioner's application to proceed *in forma pauperis* and will dismiss the petition. An Order consistent with this Memorandum Opinion is issued separately.

DATE: April 23, 2019

United States District Judge